Jodi McDougall, OR Bar No. 172703
Paula L. Zecchini, *pro hac application to follow*
Nathan Dooley, *pro hac application to follow*
Sydney R. Hitchcock, *pro hac application to follow*
COZEN O'CONNOR
999 Third Avenue, Suite 1900
Seattle, WA 98104
Telephone: (206) 340-1000
Facsimile: (206) 621-8783
Email: jmcdougall@cozen.com
    pzecchini@cozen.com
    ndooley@cozen.com
    sydneyhitchcock@cozen.com

Attorneys for Defendant
GoDaddy.com, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SiteLock, LLC, | Misc. Case No.: 3:21-cv-222 SI |
| Plaintiff, | Related Case No. 2:19-cv-02746-DWL U.S. District Court, District of Arizona |
| v. | **DEFENDANT GODADDY.COM, LLC'S MOTION TO COMPEL RESPONSE TO RULE 45 SUBPOENA DIRECTED TO HOSTPAPA, INC.** |
| GoDaddy.com, LLC, | |
| Defendant. | |

TO ALL PARTIES AND ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant GoDaddy.com, LLC ("GoDaddy"), hereby moves this Court for an Order, pursuant to Rules 37(a)(1), 45(d)(2)(B)(i), and 45(g) of the Federal Rules of Civil Procedure ("Rule" or "Rules"), and Local Rules 7-3, 26-3, 37-1, and 45-1, to compel HostPapa, Inc. ("HostPapa") to fully and completely comply with the subpoena issued by GoDaddy in connection with the litigation matter entitled *SiteLock, LLC v. GoDaddy.com, LLC*, pending in the United States District Court for the District of Arizona (Case No. 2:19-cv-02746-DWL). Pursuant to Rule 37(a)(1) and Local Rule 7-1(a), GoDaddy certifies that the parties made a good faith effort through personal or telephone conferences to resolve the dispute and have been unable to do so.

GoDaddy served the subpoena on HostPapa care of its agents in Portland, Oregon and Pflugerville, Texas on November 18, 2020. HostPapa served boilerplate objections, then indicated it would comply with the subpoena, and then changed course and stated it would stand on an objection to service. However, HostPapa was properly served with the subpoena, and GoDaddy respectfully requests that this Court grant its Motion and compel HostPapa to comply with the subpoena.

This Motion is based upon this Notice, the Memorandum of Points and Authorities, the concurrently-filed Declaration of Nathan Dooley, all pleadings and documents concerning this matter in the Court's file, any other matters of which this Court may take judicial notice, and such further evidence and oral argument as may be presented at the hearing of this Motion.

Dated:  February 25, 2021

      **COZEN O'CONNOR**
      Jodi McDougall
      Paula L. Zecchini
      Nathan Dooley
      Sydney R. Hitchcock

      By:  s/ *Jodi McDougall*
          Jodi McDougall
          Paula L. Zecchini
          Nathan Dooley
          Sydney R. Hitchcock
      Attorneys for Defendant
      GODADDY.COM, LLC

Jodi McDougall, OR Bar No. 172703
Paula L. Zecchini, *pro hac application to follow*
Nathan Dooley, *pro hac application to follow*
Sydney R. Hitchcock, *pro hac application to follow*
COZEN O'CONNOR
999 Third Avenue, Suite 1900
Seattle, WA  98104
Telephone: (206) 340-1000
Facsimile: (206) 621-8783
Email: jmcdougall@cozen.com
      pzecchini@cozen.com
      ndooley@cozen.com
      sydneyhitchcock@cozen.com

Attorneys for Defendant
GoDaddy.com, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SiteLock, LLC, | Misc. Case No.: |
| Plaintiff, | Related Case No. 2:19-cv-02746-DWL<br>U.S. District Court, District of Arizona |
| v. | **DEFENDANT GODADDY.COM, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RESPONSE TO RULE 45 SUBPOENA DIRECTED TO HOSTPAPA, INC.** |
| GoDaddy.com, LLC, | |
| Defendant. | |

## I. INTRODUCTION

Defendant GoDaddy.com, LLC ("GoDaddy") brings the instant motion to compel HostPapa, Inc. ("HostPapa") to comply with GoDaddy's document subpoena, which GoDaddy served on HostPapa on November 18, 2020, care of (1) HostPapa's subsidiary and agent, Canvas Dreams, LLC d/b/a Canvas Host, LLC ("Canvas Host"), and (2) HostPapa's Vice President of Marketing.  The return date on the subpoena was December 2, 2020, and to date, HostPapa has not complied with the subpoena, and is standing on boilerplate objections regarding breadth and confidentiality, as well as a vague objection concerning service.  These objections lack merit, and GoDaddy respectfully requests that the Court enter an order compelling HostPapa to comply with the subpoena.

## II. RELEVANT FACTUAL BACKGROUND OF THIS DISPUTE

This motion arises out of a subpoena served upon HostPapa on November 18, 2020, in a litigation entitled *SiteLock, LLC v. GoDaddy.com, LLC*, pending in the United States District Court for the District of Arizona (Case No. 2:19-cv-02746-DWL) (the "SiteLock Action").  *See* Declaration of Nathan Dooley ("Dooley Decl.") ¶¶ 1-6.  In the SiteLock action, Plaintiff SiteLock, LLC ("SiteLock"), has asserted, *inter alia*, breach of contract claims related to a November 4, 2013 Reseller Agreement between GoDaddy and SiteLock, which, in part, authorized GoDaddy to promote SiteLock's off-the-rack software products.  Dooley Decl. ¶ 2.  GoDaddy's Answer to SiteLock's Complaint includes an

affirmative defense for set-off, *see* Dkt. No. 13 at 14,[1] which is based in part on SiteLock's breach of a most favored nation ("MFN") provision in the Reseller Agreement that obligated SiteLock to ensure that GoDaddy was afforded "the lowest [pricing terms] offered by SiteLock or any of its affiliates." Dkt. No. 1-2, at 8; Dooley Decl. ¶ 3. In the SiteLock Action, GoDaddy sought discovery related to its defense based on SiteLock's breach of the MFN provision, and SiteLock ultimately produced—under a Court Order compelling their production—third party reseller agreements that included SiteLock's contract with HostPapa. Dooley Decl. ¶ 4. That agreement indicates that SiteLock gave HostPapa more favorable pricing terms than GoDaddy. *Id.* at ¶ 5. Therefore, GoDaddy served the subpoena on HostPapa to obtain limited, narrow discovery from HostPapa regarding (1) the lowest pricing terms SiteLock gave to HostPapa, and (2) the features of the SiteLock products HostPapa offered.[2] *See* Dooley Decl. ¶ 6, Ex. A.

On November 18, 2020, GoDaddy served HostPapa with a document subpoena regarding the SiteLock Action. Dooley Decl. ¶¶ 6-7, 10, Exs. A-B, H. GoDaddy served HostPapa care of HostPapa's agents in Portland, Oregon, and Pflugerville, Texas. In Oregon, GoDaddy served HostPapa's subsidiary, Canvas Host, via its registered agent for service of process. *See* Dooley Decl. ¶¶ 6-9, Exs. A-F. In Texas, GoDaddy served a

---

[1] Citations to the docket are to the corresponding entries in the SiteLock Action.

[2] Although the products in the HostPapa agreement have the same names as the products in SiteLock's agreement with GoDaddy, SiteLock has argued that identically named products may have different features.

subpoena with identical requests on HostPapa's Vice President of Marketing, Chris Whitling. Dooley Decl. ¶ 10, Exs. G-H.

The time specified for compliance in the subpoena was December 2, 2020. Dooley Decl. ¶ 6, Ex. A. The location specified for compliance was Hart 2 Hart Investigations, LLC c/o Express Network, Attn: Paula L. Zecchini, Cozen O'Connor, 12901 SE 97th Ave., Suite 450, Clackamas, Oregon 97015, which is within one hundred (100) miles of Canvas Host's registered address, at 921 SW Washington St., Suite 710, Portland, OR 97205. *See id.* The subpoena further requested an electronic production via email in lieu of a hard copy production, to avoid imposing any travel or mailing obligation on HostPapa.

On December 1, 2020, HostPapa's General Counsel, David Woolford, emailed counsel for GoDaddy to confirm that HostPapa had received the subpoena. Dooley Decl. ¶ 11, Ex. I. Mr. Woolford stated that "HostPapa objects to each of the requests in the subpoena on the grounds of relevance, proportionality and undue burden . . . [and as] seek[ing] sensitive business information." *See id.* Mr. Woolford also objected on the basis that SiteLock had filed a motion to quash the subpoena in the SiteLock action, and that motion remained pending. *Id.* Finally, Mr. Woolford stated that HostPapa objected to the subpoena as "invalidly served," and argued that "GoDaddy was required to comply with international and Canadian protocols for service of process." *Id.*

On January 6, 2021, the Court in the SiteLock Action denied SiteLock's motion for protective order. *See* Dkt. No. 248, at 22-26. GoDaddy sent HostPapa a copy of this Order,

along with a copy of the confidentiality order entered in the SiteLock Action to govern the disclosure of confidential information in discovery. Dooley Decl. ¶ 14, Ex. J. On January 29, 2021, GoDaddy and HostPapa had a telephone call to discuss the subpoena, and HostPapa indicated that it was inclined to comply with the subpoena. *Id.* at ¶ 15. HostPapa stated that it is represented by the same counsel as SiteLock for the purposes of this action. Dooley Decl. ¶ 15. The parties continued to communicate regarding the subpoena over the next two weeks, during which time HostPapa admitted that the subpoena "was served on [HostPapa] a few times in several different jurisdictions." Dooley Decl. ¶ 16, Ex. K. However, on February 12, 2021, HostPapa informed GoDaddy that it was standing on an objection to the subpoena based on service. *Id.* at ¶ 17, Ex. L. This motion followed.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 45 ("Rule 45") "provides that the party to a civil action may serve a non-party with a subpoena requiring that non-party to produce documents in its possession." *A.G. v. Burroughs*, No. 3:13-cv-01051-AC, 2014 WL 1807110, at *3 (D. Or. May 7, 2014). The "'scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules' . . . the proper scope of discovery is as specified in Rule 26(b)." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679 (N.D. Cal. 2006) (quoting Fed. R. Civ. P. 45 Advisory Committee Notes (1970)). Under Rule 26(b), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R.

Civ. P. 26(b)(1).  Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Berwick v. Hartford Fire Ins. Co.*, No. MC 12-00055-PHX-FJM, 2012 WL 2856117, at *1 (D. Ariz. July 11, 2012) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quotation marks omitted)).

The subpoena recipient must assert any objections to the subpoena within fourteen days of receiving it, or waive all objections.  "A person commanded to produce documents . . . may serve on the party or attorney designated in the subpoena a written objection [to the subpoena] . . . .  The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."  Fed. R. Civ. P. 45(d)(2)(B).  A party waives all objections it fails to assert within this time period, including privilege.  *See United States ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002).

"Once the person subpoenaed objects to the subpoena, however, the provisions of Rule 45(d) come into play."  *In re Subpoena to VaughnPerling*, No. 2:19-mc-00083-CAS(Ex), 2019 WL 8012372, at *3 (C.D. Cal. Dec. 2, 2019).  At that point "'on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.'"  *Sol v. Whiting*, No. CV-10-01061-PHX-SRB, 2014 WL 12526314, at *1 (D. Ariz. July 22, 2014) (quoting Fed. R. Civ. P. 45(d)(2)(B)(i)).

IV.   ARGUMENT

    A.   **HostPapa Was Served With The Subpoena**

HostPapa's admission that it was served "a few times in several different jurisdictions" belies its efforts to challenge service. *See* Dooley Decl. ¶ 16, Ex. K. HostPapa was properly served, and should be ordered to comply with the subpoena.

Contrary to HostPapa's argument, GoDaddy was not required to serve Hostapa in accordance with the Hague Convention or other "international and Canadian protocols for service of process." Dooley Decl. ¶ 11, Ex. I. Service on a foreign entity is not limited to the processes set forth in the Hague Convention, as "the Ninth Circuit has rejected rigid reference to 'official' designations in favor of a more practical approach focused on fairness and reason." *Troll Busters, LLC v. Roche Diagnostics GmbH*, No. 11cv56-IEG(WMc), 2011 WL 3859721, at *9 (S.D. Cal. Aug. 31, 2011). *See also Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988) ("Where service on a domestic agent [of a foreign entity] is valid and complete under both state law and the Due Process Clause, our inquiry ends and the Convention has no further implications.").

Courts in the Ninth Circuit have instead made clear that service on a foreign entity can be effectuated through a domestic agent of that entity—including a subsidiary—in any manner permitted under the applicable state and federal rules. *See, e.g., Rubicon Global Ventures, Inc. v. Chongquing Zongshen Grp. Import/Export Corp.*, 575 Fed. App'x 710, 712 (9th Cir. 2014) (affirming service of process on foreign entity via service on domestic

subsidiary). "Under the federal rules, foreign corporations may be served either (1) in accordance with the law of the state in which the district court is located, Fed.R.Civ.P. 4(h)(1)(A), or by delivering a copy of the summons and complaint 'to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.' Fed.R.Civ.P. 4(h)(1)(B)." *Id.* Service in this case satisfies either prong.

First, it satisfies service under Oregon law. "In determining whether service is adequate under Oregon law, the question is: 'was the method of service selected reasonably calculated to apprise the defendant of the existence and pendency of the action?'" *Id.* (quoting *Baker v. Foy*, 797 P.2d 349, 352 n. 6 (Or. 1990)). "Rather than absolute compliance with one of the methods specified in ORCP 7(D), what is mandatory is that whatever manner or method of service is employed by a plaintiff, it must satisfy the aforementioned 'reasonable notice' standard of adequate service of ORCP 7(D)(1)." *Id.* at 712-713 (internal quotation omitted). It is undisputed that GoDaddy personally served Canvas Host—a subsidiary that HostPapa explicitly represents to customers "is now HostPapa." Dooley Decl. ¶¶ 6-9, Exs. A-F. Moreover, a customer attempting to make a purchase through Canvas Host's website is now immediately redirected to HostPapa's website to purchase HostPapa products. *See id.* ¶ 10, Exs. E-F. HostPapa cannot hold out Canvas Host to the world as being one and the same with HostPapa—and use Canvas Host as a front to sell HostPapa products—and then contend that a subpoena to HostPapa cannot

be served care of Canvas Host. As in *Rubicon*, HostPapa and Canvas Host are "so closely related that the latter was [HostPapa's] agent for service as a matter of law." 575 Fed. App'x at 713.

Second, service was effective under Rule 4(h)(1)(B), as GoDaddy served HostPapa's agents in Oregon and Texas. *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (affirming service of process on receptionist in shared office, explaining that "service of process is not limited solely to officially designated officers, managing agents, or agents appointed by law for the receipt of process."); *Troll Busters LLC*, 2011 WL 3859721, at *9 ("There is ample authority for the proposition that a domestic corporation may be considered the 'general agent' of a foreign corporation for purposes of service of process."); Dooley Decl. ¶¶ 6-10, Exs. A-H. Moreover, there can be no dispute that HostPapa received actual, timely notice of the subpoena, as HostPapa's counsel confirmed receipt of the subpoena and served objections to it less than two weeks after GoDaddy served the subpoena. *Id.* at ¶ 11, Ex. I; *see Direct Mail Specialists, Inc.*, 840 F.2d at 688 (9th Cir. 1988) ("actual receipt of process by the correct person may be a factor in finding process valid when there are other factors that make process fair"). HostPapa was served with the subpoena, and must comply with it.

### B. HostPapa's Boilerplate Objections Lack Merit

The targeted, limited requests in the subpoena seek a narrow set of documents that are critical to GoDaddy's defenses to SiteLock's claims. In the SiteLock Action, GoDaddy

contends that SiteLock gave better pricing terms to other reseller partners in direct violation of SiteLock's obligation to provide GoDaddy with SiteLock's lowest pricing terms. *See* Dkt. No. 248 at 24-26 (denying SiteLock's motion for protective order with regard to, among other things, the HostPapa subpoena, and finding that it was relevant to GoDaddy's defenses to SiteLock's claims); Dooley Decl. ¶¶ 1-5. The requests in the subpoena are specifically and narrowly targeted to individual SiteLock products set forth in HostPapa's reseller agreement with SiteLock, and merely demand documents "sufficient to show" (1) if SiteLock ever agreed to pricing terms with HostPapa below the terms set forth in HostPapa's contract with SiteLock, and (2) the features of those products. Dooley Decl. ¶ 6, Ex. A.

HostPapa has not articulated any basis for its objections to the requests in the subpoena, rendering them meritless boilerplate. *See Blemaster v. Sabo*, No. 2:16-cv-04557 JWS, 2017 WL 4843241, at *4 (D. Ariz. Oct. 25, 2017) ("boilerplate objections are inappropriate, tantamount to no objection at all"); *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (same). HostPapa's vague objections "on the grounds of relevance, proportionality and undue burden" lack merit, as the requests in the subpoena are narrowly targeted to address an issue that is critical to GoDaddy's defenses in this action.

Similarly, any concerns HostPapa may have about producing confidential business records can be addressed by designating those documents with the appropriate designation

under the Protective Order entered in the SiteLock Action to govern the disclosure of confidential information. *See* Dkt. No. 25; *A. Farber*, 234 F.R.D. at 191-192 (collecting cases for the proposition that confidentiality concerns "can be adequately protected by a protective order"). This point was explained at length by GoDaddy's counsel during the parties' teleconference, as was the scope of GoDaddy's document requests. Dooley Decl. ¶¶ 15-17. In the meet and confer process, HostPapa did not articulate any argument as to the breadth of the requests. *Id.* HostPapa has offered no viable basis to avoid complying with the subpoena, and GoDaddy respectfully requests that the Court direct HostPapa to fully comply with the subpoena.

V.  **CONCLUSION**

WHEREFORE, GoDaddy respectfully requests that this Court issue an order compelling HostPapa to produce documents responsive to the requests in the subpoena within ten (10) days of the resolution of this motion.

Dated: February 25, 2021

        **COZEN O'CONNOR**
        Jodi McDougall
        Paula L. Zecchini
        Nathan Dooley
        Sydney R. Hitchcock

        By: *s/ Jodi McDougall*
            Jodi McDougall
            Paula L. Zecchini
            Nathan Dooley
            Sydney R. Hitchcock
        Attorneys for Defendant
        GODADDY.COM, LLC

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 2,476 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

Dated:  February 25, 2021

                              **COZEN O'CONNOR**
                              Jodi McDougall
                              Paula L. Zecchini
                              Nathan Dooley
                              Sydney R. Hitchcock


                    By:  *s/ Jodi McDougall*
                              Jodi McDougall
                              Paula L. Zecchini
                              Nathan Dooley
                              Sydney R. Hitchcock
                        Attorneys for Defendant
                        GODADDY.COM, LLC

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing documents via electronic mail on February 25, 2021, and due to COVID-19 restrictions via overnight mail on February 25, 2021, to the following:

Thomas A. Gilson
Beus Gilbert PLLC
701 N. 44th Street
Phoenix, Arizona 85008
(480) 429-3000
tgilson@beusgilbert.com

Counsel for SiteLock, LLC
and HostPapa, Inc.

Kevin B. Huff
Thomas G. Schultz
Leslie V. Pope
Kellogg, Hansen, et al.
1615 M Street, N.W. Suite 400
Washington, DC 20036
(202) 326-7900
khuff@kellogghansen.com
tschultz@kellogghansen.com
lpope@kellogghansen.com

David Woolford
General Counsel for HostPapa, Inc.
921 SW Washington St #710
Portland, OR 97205
dave.woolford@hostpapa.com

I further certify that the foregoing documents have been sent out for personal service on the following:

HostPapa, Inc. c/o Canvas Dreams, LLC
d/b/a Canvas Host, LLC
921 SW Washington St #710
Portland, OR 97205

SIGNED AND DATED this 25th day of February, 2021 at Seattle, Washington.

COZEN O'CONNOR

By:   *s/ Jodi McDougall*
      Jodi McDougall